**In the Matter of BOSTON AND MAINE CORPORATION, Debtor.**

**No. 70–250–M.**

United States District Court, D. Massachusetts.

Sept. 6, 1984.

See also, D.C., 46 B.R. 966; D.C., 46 B.R. 974; D.C., 46 B.R. 983; D.C., 46 B.R. 987, and D.C., 46 B.R. 990.

Thomas D. Burns, Burns & Levinson, Boston, Mass., for petitioner.

## ORDER

*Allowing Final Compensation and Disbursements to Thomas D. Burns as Special Counsel to the Debtor's Trustees*

FRANK J. MURRAY, Senior District Judge.

The petitions of Thomas D. Burns, Esquire, on behalf of his law firm, for allowance of final compensation for services rendered and expenses incurred as special counsel to Debtor's trustees, for the period November 17, 1972 through March 15, 1983, came on to be heard after due notice to creditors and other parties in interest. The Interstate Commerce Commission has fixed the maximum limits within which allowance of compensation to petitioner may be made out of the Debtor's estate, pursuant to 11 U.S.C. § 205(c)(2), on petitions submitted by the court for such determination. Creditors and other parties in interest were afforded opportunity to be heard by the court on the petitions, and no opposition thereto was offered.

Petitioner is a member of the firm of Burns & Levinson, and practices law in Boston. The services rendered by petitioner and his firm to the Debtor involved the defense of certain personal injury suits.

Petitioner has submitted statements verifying the itemization of 930 hours. The compensation requested in the amount of $53,933.75 (of which amount $9773.75 was paid by the trustees without prior court order) is based on hourly rates ranging from $45 to $85. The over-all average hourly rate is $57.99. Petitioner requests reimbursement of expenditures, which are itemized, incurred in the performance of the services in the amount of $8300.49 (of which amount $701.18 was paid by the trustees without prior court order).

The court finds that the hours verified are reasonable in number and were spent efficiently in rendering services to the Debtor. The hourly rates of petitioner's firm are reasonable for the skill employed

and the results obtained. Petitioner's hourly rates for services rendered by him in the private sector are much higher than the hourly rates charged for his services rendered to the bankrupt Debtor. The court notes that petitioner's hourly rates, as shown on the several petitions submitted for the court's action here, are less than the rates submitted by other special counsel engaged in representing the Debtor in tort claims. Petitioner has voluntarily submitted his petitions on the basis of hourly rates adjusted to fit the circumstances of the bankruptcy case at hand. This attitude is exemplary, and petitioner is to be commended.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That the sum of $53,933.75 is approved as compensation for services rendered by Burns & Levinson as special counsel to the trustees for the Debtor for the period November 17, 1972 through March 15, 1983, and that the sum of $44,160 be paid to Thomas D. Burns, Esquire, as compensation.

2. That the sum of $8300.49 is approved as reimbursement of expenses incurred by Burns & Levinson as special counsel to the trustees for the Debtor for the period November 17, 1972 through March 15, 1983, and that the sum of $7599.31 be paid to Thomas D. Burns, Esquire, as reimbursement.

3. That payment to Thomas D. Burns, Esquire, of the amounts hereby authorized shall be pursuant to the Consummation Order of the court entered June 17, 1983, and the Supplements thereto.

WITNESS The Honorable Frank J. Murray, Judge of said Court and the seal thereof, at Boston, Massachusetts, in said District this 6th day of September 1984.